The opinion of the Court was .delivered by
Johnson, J.
The first ground suioposes, that there was sufficient evidence to warrant the inference, that the goods' delivered in 1811 and 1812, were received in payment of the note ; from which it would necessarily follow, that the note was wholly extinguished, and that the defendant was entitled to a verdict. There was no evidence of any express agreement to that effect, and the only circumstance relied on to support the position, was, that the plaintiff had passed the defendant’s store account against him, for 1809 and 1810, as a credit on the note. I think, therefore, that the conclusion is not warranted by the facts. If that circumstance alone would warrant such an inference, the admission of a part of a demand might, with the same propriety, be considered as an admission of the whole, which is certainly not warranted by principle or rule.
2. I was of opinion at the trial, and so charged the jury,- that as the plaintiff’s demand was of that character in which they were bound to allow him interest, and as ¡the defendant’s demand or discount was not of the character which did carry interest, unless they should be of opinion that the facts justified the conclusion that the plaintiff received the goods delivered *in 1811 and 1812, as payment, they ought to allow the plaintiff interest up to the time of the filing of the discount. I did so, because I then thought that the .discount might be considered as a quasi tender of payment to the plaintiff in his own coin ; but I yield with great pleasure to the unanimous opinion of my brethren, that the plaintiff was entitled to interest on his demand.up to the time of the verdict. The plaintiff, as I before observed, was entitled to interest on his demand, and the discount set up by the defendant was regarded as a discount, and not as a payment; an independent unliquidated demand, which did not carry interest. The principle of this question, I am informed, has been before decided by this Court, in the case of McDonald v. Ramsay,[1] in Charleston, of which I was not informed, not being then on the bench.
I am of opinion, therefore, that the motion ought to be dismissed; for although the Court erred, it was against' the plaintiff, who has not appealed.
Colcook, Nott, Cheves, and Gnatt, JJ., concurred.
See 4 Uicli. 606.

 3 Brev. 379 ; 1 Tread. 421.